IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.: 4:18-cv-00477-MW-CAS

DONDRICK EAVES,

    Plaintiff,

v.

DILLARD'S, INC.,

    Defendant.
_____/

## **REPORT OF RULE 26 INITIAL CONFERENCE**

Pursuant to Rule 26(f), Federal Rules of Civil Procedure, and paragraph 2(a) of the Court's Initial Scheduling Order entered October 23, 2018, the parties' planning conference was held on November 14, 2018. Participating in the telephone conference was James Fasig, attorney for Plaintiff, and F. Scott Pauzar, attorney for Defendant, Dillard's, Inc.

    1.    ***Magistrate Jurisdiction***.  The parties have discussed the matter of magistrate judge jurisdiction over this case.

    2.    ***Nature and Basis of Claims***:

        a.    Plaintiff Dondrick Eaves contends that he was injured due to the Defendant's alleged negligence in failing to maintain its premises in a reasonably safe condition; failing to warn of a dangerous condition created by a

transient foreign substance; and engaging in a negligent mode of business operation.

  b. The Defendant, Dillard's, Inc., denies all allegations of negligence and denies that it had actual or constructive notice of any transient foreign substance. Defendant has filed a Motion to Dismiss the Complaint for failing to state a claim. Defendant Dillard's, Inc. further asserts that any alleged injuries or damages to the Plaintiff were not directly or proximally caused by any negligent or wrongful act or omission of Dillard's, Inc. or any employee of Dillard's, Inc. Additionally, Dillard's, Inc. asserts that the injuries alleged by the Plaintiff pre-existed the incident described in the Complaint. Furthermore, this Defendant asserts that the Plaintiff was negligent in causing the incident described in the complaint. As such, Dillard's, Inc. alleges the Plaintiff is not entitled to any damages.

  c. The principal factual and legal issues in dispute are:

  (1) Whether the injuries and/or damages alleged in the Complaint were directly or proximally caused by any negligent or wrongful act or omission of Defendant.

  (2) Whether Dillard's, Inc. had actual or constructive notice of the alleged transitory foreign substance in accordance with section 768.0755, Fla. Stat.

    (3) Whether the Plaintiff was negligent in causing the accident described in the Complaint.

    (4) The extent of Plaintiff's injuries or damages, if any.

    (5) Whether Defendant will be entitled to any setoff or adjustment for medical bills incurred by Plaintiff.

    (6) All other factual issues are presently disputed.

  3. ***Settlement and Mediation***.  The parties believe that mediation may be helpful in resolving the case short of trial.

  4. ***Joinder, Amendments to Pleadings, Deadlines***.  No additional joinder of parties is contemplated at this time; however, the parties would propose a deadline of February 15, 2019, for joinder and amendments to pleadings.  If either party determines the need to subsequently amend the pleadings, counsel for the parties will discuss the issue and file appropriate motions with the court.

  5. ***Discovery Plan***.  The parties jointly propose to the court the following discovery plan:

    (1) Discovery will be needed on the Plaintiff's medical history before and after the incident at issue in the Complaint.  Additionally, discovery will be needed regarding the facts related to the incident alleged in the Complaint.

(2)     **The parties propose a discovery deadline of May 15, 2019**.  All discovery shall be served in time to afford the completion of discovery by this deadline.

(3)     The Rule 26(a)(2) disclosure of Plaintiff's expert witnesses and their opinions shall be made **on or before February 1, 2019**. Defendant's Rule 26(a)(2) expert witness disclosures shall be **on or before March 1, 2019**.

(4)     The Plaintiff is still treating for injuries allegedly caused by the incident at issue in the Complaint. Consequently, the case should be **ready for trial in Tallahassee, Florida by September 15, 2019**, and it is estimated that it will take four (4) trial days.

    a.     Discovery shall be limited to thirty (30) interrogatories, thirty (30) production requests, and thirty (30) requests for admissions from one party to another party, without leave of court or otherwise agreed by the parties, and all responses thereto shall be made within the time parameters set forth in the *Federal Rules of Civil Procedure*.  The total number of depositions allowed by one party shall not exceed fifteen (15) without leave of court or as otherwise agreed to by the parties.  Total number of hours per deposition shall not exceed six (6) hours and no deposition shall proceed beyond 6:00 p.m., unless by a prior agreement of all the parties or leave of court.

  b. Medical Records and Releases.  Discovery will be needed on Dondrick Eaves' medical history and care by his medical providers.  To facilitate that discovery, the parties agree as follows:

  (1) The Plaintiff will provide a copy of Dondrick Eaves' medical records from any medical provider in Plaintiff's custody either by hard copy or on optical discs.

  (2) The Plaintiff will furnish a mutually agreeable HIPAA-compliant written release for each medical provider, known to the Plaintiff, from whom Dondrick Eaves has received care.  This may include HIPAA-compliant releases for release of records from Medicare or Medicaid, if necessary.  The Defendant agrees to provide Plaintiff's counsel with a copy of all records obtained pursuant to the releases by hard copy or on optical discs.

  (3) Defendant may immediately issue subpoenas for records of the Plaintiff.  The Defendant agrees to provide Plaintiff's counsel with a copy of all records obtained pursuant to subpoenas by hard copy or on optical discs.

  (4) The parties agree that they may immediately propound written discovery to each other.

6. ***Electronic Discovery***. The parties do not presently anticipate any particular issues regarding the discovery of electronically stored information.

    a. The parties agreed to the production of data reasonably available in the ordinary course of business.

    b. The parties agree to the exchange of documents and information in "PDF" format except as otherwise noted herein. The exchange of information will take place by the production of optical discs containing PDF copies of the produced material.

    c. Digital photographs, if any, shall be produced in .jpg, .bmp or .tiff format. Film photographs, if any, shall be produced in print. Video or audio recordings will be provided in digital format.

    d. Each party shall supplement discovery within a reasonable time after learning of additional information pertaining to the subject matter of the discovery.

    e. The parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business.

    f. The parties agree to return or destroy privileged information that either party inadvertently produces in discovery.

7. ***26(a)(1) Pre-Discovery Disclosures***. The parties will exchange the information required by Rule 26(a)(1), *Federal Rules of Civil Procedure*, **no later than December 1, 2018.**

8. ***26(a)(2) Expert Disclosures***. The parties agree they will need to file a privilege log for documents in the files of experts that prepare the documents and/or reports pursuant to Rule 26(a)(2) for matters covered by Rule 26(b)(3) and (b)(4), *Federal Rules of Civil Procedure*.

9. ***Other Items***.

   a. The parties do not request a discovery conference before the entry of the Court's next scheduling order.

   b. This is not a case which should be made subject to the Manual of Complex Litigation.

   c. The parties at this time reasonably anticipate there will be no objections to the authenticity of evidence and exhibits produced by the parties in response to discovery. No objections are waived by this agreement or any production.

   d. The parties would propose a deadline for motions for summary judgment, or other potentially dispositive motions such as *Daubert* motions, of **June 15, 2019**.

Respectfully submitted this 26th day of November, 2018.

/s/ F. Scott Pauzar
_____
F. SCOTT PAUZAR
Florida Bar No. 0809721
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
Telephone: (904) 355-4401
Facsimile: (904) 355-3503
spauzar@saalfieldlaw.com
pemmi@saalfieldlaw.com
Attorney for Defendant

/s/ James Fasig
_____
JAMES FASIG
Florida Bar No. 13453
3522 Thomasville Road, Suite 200
Tallahassee, FL  32309
Telephone: (850) 224-3310
Facsimile:  (850) 224-3433
jimmy@fasigbrooks.com
Attorney for Plaintiff